PUBLIC CITIZEN, INC., et al., Plaintiffs,

v.

Donna SHALALA, Defendant.

Civil Action No. 93–0509 (PLF).

United States District Court, District of Columbia.

June 28, 1996.

---

**14**

Brian Wolfman, Public Citizen Litigation Group, Washington, DC, for plaintiffs.

Susan Strawn, Drake Cutini, Gerald Kell, U.S. Department of Justice, Washington, DC, for defendant.

### MEMORANDUM OPINION AND ORDER

PAUL L. FRIEDMAN, District Judge.

This case is before the Court on Plaintiffs' Motion for Summary Judgment and defendant's opposition thereto.[1] Plaintiffs challenge the decision of the United States Food and Drug Administration to exempt restaurant menus from the Nutrition Labeling and Education Act of 1990 ("NLEA"), 21 U.S.C. §§ 343(q) and (r); *see* 21 C.F.R. §§ 101.10, 101.14(d)(2)(vii)(B) (Apr. 1, 1995), alleging that the decision violates the NLEA and is arbitrary and capricious under the Administrative Procedure Act, 5 U.S.C. § 706.[2]

### I. THE NLEA

In 1990, Congress amended the Federal Food, Drug and Cosmetic Act ("FDCA"), 21 U.S.C. § 301, *et seq.* The purpose of those amendments, known collectively as the NLEA, was:

(1) To make available nutrition information that can assist consumers in selecting foods that can lead to healthier diets, (2) to eliminate consumer confusion by establishing definitions for nutrient content claims that are consistent with the terms defined by the Secretary [of Health and Human Services], and (3) to encourage product innovation through the development and marketing of nutritionally improved foods.

Final Rule, 58 Fed.Reg. 2066, 2302 (Jan. 6, 1993). *See* H.R.Rep. No. 538, 101st Cong., 2d Sess. 8–10, *reprinted in* 1990 U.S.C.C.A.A.N. 3336, 3337–38.

The NLEA added two sections—"q" and "r"—to Section 403 of the FDCA, thereby creating two new food labeling provisions. Section 403(q), codified at 21 U.S.C. § 343(q), created new general nutritional labeling stan-

---

1. Plaintiffs are Public Citizen, Inc., the Center for Science in the Public Interest, and Mark Green, a former New York City Consumer Affairs Commissioner who currently serves as the New York City Public Advocate. The parties have stipulated to the dismissal of plaintiff Paul R.Q. Wolfson.

2. Plaintiffs originally sought to overturn the FDA's decision to delay the effective date of certain NLEA regulations with respect to small restaurants. The parties agree that that claim for relief is now moot.

dards and requirements. Restaurants are completely exempt from these standards and requirements. 21 U.S.C. § 343(q)(5)(A)(1). Section 403(r), codified at 21 U.S.C. § 343(r), imposed new restrictions on the ability of purveyors of food to make affirmative health and nutritional claims about food. Restaurants are exempt from some but not all of these restrictions. 21 U.S.C. § 343(r)(5)(B). The Secretary of Health and Human Services has the ultimate responsibility for administering the FDCA (and thus the NLEA), and has delegated the authority to administer these laws to the FDA. 21 U.S.C. § 371(a); 21 C.F.R. § 5.10(a)(1).

21 U.S.C. § 343(r)(1) defines two sorts of labeling claims: nutrient content claims and health claims. Under the NLEA, nutrient content claims (such as "low sodium" or "lite") and health claims (such as "fiber helps to prevent cancer") may be made on food labels only under certain circumstances and in accordance with regulations adopted by the FDA. 21 U.S.C. §§ 343(r)(2), (r)(3); *see* H.R.Rep. No. 538, 101st Cong., 2d Sess. 19, *reprinted in* 1990 U.S.C.C.A.A.N. 3336, 3349. For example, a claim about nutritional levels can only be made "if the characterization of the level made in the claim uses terms which are defined in regulations of the Secretary." 21 U.S.C. § 343(r)(2)(A)(i). Other subsections govern when and how claims may be made about cholesterol levels, fat content and dietary fiber content. *See* 21 U.S.C. § 343(r)(2)(A)(iii)–(v).

The dispute in this case revolves around the FDA's decision to exempt restaurant menus from the labeling requirements governing both nutrient content claims and health claims. In promulgating the Final Rule, the FDA concluded that Section 403(r) of the NLEA generally governs claims made about restaurant food, 58 Fed.Reg. at 2386, 2515, but nevertheless decided to regulate only those claims made on signs, placards or posters but not claims made on menus. 58 Fed.Reg. at 2388, 2517. The FDA reasoned that menus are subject to frequent change and that the requirements might deter res-

taurants, especially small ones, from providing useful nutrition-related information on menus. 58 Fed.Reg. at 2388, 2517. The FDA regulations accordingly provide:

> Nutrition labeling in accordance with § 101.9 shall be provided upon request for any restaurant food or meal for which a nutrient content claim ... or a health claim ... is made (except on menus).

21 C.F.R. § 101.10; *see also* 21 C.F.R. § 101.14(d)(2)(vii)(B) (exempting restaurant menus from the health claims labeling provision). On June 15, 1993, the FDA proposed new rules that would effectively have overruled this restaurant menu exemption, 58 Fed.Reg. 33055 (June 15, 1993), but those rules have not been adopted.[3]

Plaintiffs argue that the FDA lacked authority under the NLEA to exempt restaurant menus from the nutritional and health claim labeling requirements contained in Section 403(r). They assert that Congress intended restaurants to be covered by Section 403(r), that Congress provided for specific exceptions to that coverage and that additional exceptions cannot be implied or promulgated by regulation. Plaintiffs rely on the language and structure of the statute and on legislative history purporting to show that Congress specifically considered excluding restaurants from the NLEA's nutritional claim requirements and declined to do so. Plaintiffs further argue that Section 405 of the FDCA, codified at 21 U.S.C. § 345, bars the menu exemption. They point to the FDA's rationale for its own proposed rule and suggest that in proposing such a rule, the FDA has acknowledged that restaurant menus are properly governed by the NLEA's nutrition and health claims labeling requirements. Finally, plaintiffs argue that because nearly half the American food dollar is spent on food consumed away from home, because as much as 30 percent of the American diet is composed of foods prepared in food service operations, and because restaurant menus often make misleading or false representations about the nutritional and health value

---

**3.** As a result of these proposed rules, this case was stayed in June 1993. On January 4, 1995, plaintiffs moved to lift the stay. Judge Lamberth denied the motion and the stay was continued until May 20, 1995, at which time this Court lifted the stay. According to the parties' most recent submissions, the FDA has not yet acted on the proposed rules.

of their foods, the restaurant menu exception is arbitrary and capricious.

Defendant responds that the NLEA nowhere bars the FDA from creating the restaurant menu exception, that the FDA has adequate authority under the NLEA to create such an exception and that even if the NLEA on its face does not permit such an exception, the FDA could create one as part of its assessment of its enforcement priorities.

## II. DISCUSSION

■ The validity of the FDA's interpretation of the NLEA statutory scheme is, in the first instance, to be measured under the yardstick provided by *Chevron U.S.A. Inc. v. Natural Resources Defense Council*, 467 U.S. 837, 104 S.Ct. 2778, 81 L.Ed.2d 694 (1984). As the Supreme Court has explained:

> If the intent of Congress is clear, that is the end of the matter; for the court, as well as the agency, must give effect to the unambiguously expressed intent of Congress. If, however, the court determines Congress has not directly addressed the precise question at issue, the court does not simply impose its own construction on the statute.... [T]he question for the court is whether the agency's answer is based on a permissible construction of the statute.

*Id.* at 842–43, 104 S.Ct. at 2781–82. Applying this standard, the Court finds that the language of the NLEA is clear and that Congress intended to include restaurant menus in the NLEA nutrition and health labeling provisions.

■ On its face, the NLEA specifically designates the various provisions that do and do not apply to restaurants. Restaurants are expressly exempt from each of the substantive provisions of 21 U.S.C. § 343(q) governing general labeling requirements.[4] Unlike 21 U.S.C. § 343(q), however, 21 U.S.C. § 343(r) exempts restaurants only from certain provisions. 21 U.S.C. § 343(r)(5)(B) states that "[s]ubclauses (iii) through (v) of

subparagraph 2(A) and subparagraph 2(B) do not apply to food which is served in restaurants...." The plain meaning of these express exclusions is that Congress intended those subsections *not* expressly excluded—21 U.S.C. §§ 343(r)(1), (r)(2)(A)(i)–(ii) and (r)(2)(A)(vi)—to apply to restaurant food. The general rule is that "when a statute lists several specific exemptions to the general purpose, others should not be implied." *Sierra Club v. EPA*, 719 F.2d 436, 453 (D.C.Cir.1983), *cert. denied*, 468 U.S. 1204, 104 S.Ct. 3571, 82 L.Ed.2d 870 (1984). Defendant's comment that the NLEA nowhere *prohibits* the FDA from creating such an exception does not abrogate this general rule of statutory construction.

The FDA's interpretation, namely that the NLEA governs only health and nutritional claims made on signs, placards or posters but not on menus, requires a tortured reading of the statute as a whole and creates an implausible result. Under the FDA's approach, theoretically a restaurant could claim on its menu that a particular meal is "low fat" or "lite" without any nutritional basis for making the claim or otherwise triggering the requirements of the NLEA, but it could not make that same representation on a sign, poster or placard unless the food complied with FDA definitions of those terms and the restaurant was prepared to substantiate the claim as required by FDA regulations. There is no language in the statute or the legislative history to suggest that Congress intended or even contemplated creating such a large loophole.

The Court also rejects defendant's contention that because the NLEA does not use the term "restaurant menu," the statute is not explicit on this point. The statute governs all nutrition and health claims made in the labeling of food and expressly details the extent of restaurant coverage. 21 U.S.C. §§ 343(r)(1) and (r)(5)(B). Indeed, defendant concedes that the nutrient content and health claims provisions of the NLEA apply to restaurant food labeling and that restaurant menus are labeling within the meaning

---

4. 21 U.S.C. § 343(q)(5)(A) provides that "[s]ubparagraphs (1), (2), (3) and (4) shall not apply to

food ... which is served in restaurants...."

of the FDCA. Def.'s Opp'n at 3. As a matter of plain language and statutory construction, therefore, the NLEA nutrient content and health claim provisions apply to restaurant menus. The FDA lacks the authority to create such a significant exception contrary to the plain language of the statute. *Immigration and Naturalization Service v. Cardoza–Fonseca,* 480 U.S. 421, 446–48, 107 S.Ct. 1207, 1221–22, 94 L.Ed.2d 434 (1987); *see Chevron U.S.A. Inc. v. Natural Resources Defense Council,* 467 U.S. at 843 n. 9, 104 S.Ct. at 2781–82 n. 9.

The legislative history of the NLEA supports the conclusion that Congress meant what it said. As the bill was initially reported by the House Committee on Energy and Commerce, Section 403(r)(5)(B) provided that "[s]ubparagraphs (1)(A) and (2) do not apply to food which is served in restaurants...." H.R.Rep. No. 538, 101st Cong., 2d Sess. 5. This version of the bill would have completely exempted restaurant food from all nutritional claim labeling requirements (although not from health claim labeling requirements). This language was subsequently amended to its current form which exempts restaurant food only from those subsections governing claims made about cholesterol, saturated fat and dietary fiber. 21 U.S.C. § 343(r)(5)(B). As Representative Henry Waxman (D–CA), the primary sponsor of the legislation, explained:

> Section 403(r)(5)(B) has been amended to provide that restaurants that use content descriptors in connection with the sale of food (for example, the use of the word "light" or "low" on a menu) must comply with the regulations issued by the Secretary under section 403(r)(2)(A)(i). Restaurants would also be prohibited from stating the absence of a nutrient in food unless they complied with section 403(r)(2)(A)(ii). However, restaurants would be exempt from the disclosure requirements in sections 403(r)(2)(A)(iii)–(iv) and 403(r)(2)(B).

136 Cong.Rec. H5836, H5841 (daily ed. July 30, 1990) (statement of Rep. Waxman).

By this amendment and with this explanation, Congress clearly intended to restrict the exemptions pertaining to restaurant food to the specific enumerated exceptions now contained in the statute. The FDA itself relied on the "explicit statement of congressional intent ... [as well as] the presence of specific exemptions for restaurant food pertaining to other provisions" in concluding that the NLEA's health claim provisions generally cover restaurant food. 58 Fed.Reg. at 2515. While the FDA attempts to distinguish between Congressional intent to cover restaurant *food* and restaurant *menus,* it has cited nothing in either the statute or the legislative history to suggest that Congress intended to draw such an unlikely distinction.

■ The Court also rejects defendant's invocation of the doctrine of "administrative necessity" under which "an agency may depart from the requirements of a regulatory statute ... to cope with the administrative impossibility of applying the commands of the substantive statute." *Environmental Defense Fund v. EPA,* 636 F.2d 1267, 1283 (D.C.Cir.1980); *see Alabama Power Co. v. Costle,* 636 F.2d 323, 357–59 (D.C.Cir.1979). The FDA has not borne its "especially heavy" burden of establishing the administrative impossibility of applying the nutrition content and health claims provisions of the NLEA to restaurant menus. *Environmental Defense Fund v. EPA,* 636 F.2d at 1283. It is true that in promulgating the final rule, the FDA twice stated that it "does not have resources to adequately enforce its regulations in restaurants," 58 Fed.Reg. at 2388, 2517, but this explanation was proffered in support of the agency's decision to hold restaurants to a lower standard for substantiating claims of nutrition content and health, *not* of its decision to exempt menus altogether. Rather, in justifying the menu exemption, the FDA cited the need for flexibility for small restaurants and the fact that "menus are subject to frequent, even daily change." 58 Fed.Reg. at 2388, 2517. The final rule's two references to the FDA's lack of enforcement resources thus are irrelevant to the menu exemption because they were made in another context. The FDA therefore has not satisfied its "heavy burden" under the administrative necessity doctrine.[5]

**5.** Defendant's reliance on *Heckler v. Chaney,* 470 U.S. 821, 105 S.Ct. 1649, 84 L.Ed.2d 714 (1985)

The parties also dispute the significance of Section 405, codified at 21 U.S.C. § 345. Section 405, which originally became effective on June 25, 1939, requires the Secretary to:

promulgate regulations exempting from any labeling requirements of this chapter (1) small open containers of fresh fruits and fresh vegetables. and (2) food which is ... to be processed, labeled, or repacked in substantial quantities at establishments other than those where originally processed or packed....

21 U.S.C. § 345. In 1990, the NLEA amended 21 U.S.C. § 345 to state that "[t]his section does not apply to the labeling requirements of section 343(q) and 343(r) of this title." The only congressional report to address the NLEA described the intent of the amendment as follows:

Section 5(a) is a technical provision and states that the Secretary will not have authority under section 405 of the FFDC Act to promulgate regulations exempting food from the labeling requirements of sections 403(q) and 403(r) of the Act.

H.R.REP. No. 538, 101st Cong., 2d Sess. 23, *reprinted in* 1990 U.S.C.C.A.A.N. 3336, 3353.

Plaintiffs assert that 21 U.S.C. § 345 authorizes the Secretary to create exceptions only for certain kinds of food, and that the 1990 amendment makes clear not only that those specified foods are still subject to the NLEA's labeling requirements but, more importantly, that the Secretary completely lacks authority to exempt any food from the NLEA whatsoever. Defendant counters that 21 U.S.C. § 345 does not clearly limit the Secretary's ability to create exceptions, that by its terms it applies only to small open containers of fruit and vegetables and to food reprocessed in establishments other than where it was originally processed and that the section has nothing to do with restaurant food at all.

■ The Court finds neither argument dispositive. Since the language of this section of the statute itself is not crystal clear, the Court might be required to defer to the agency's interpretation of the provision. In view of the Court's conclusion that under the language and structure of the NLEA the FDA lacks the authority to exempt restaurant menus in the first instance, however, the Court need not reach the question of whether 21 U.S.C. § 345 might require that conclusion as well.[6]

Accordingly, it is hereby

ORDERED that plaintiffs' motion for summary judgment is GRANTED; it is

DECLARED that the defendant's final regulations implementing the NLEA violate Section 3 of the NLEA, 21 U.S.C. § 343(r), and the Administrative Procedure Act, 5 U.S.C. § 706, because the regulations exempting restaurant menus from the nutrient content and health claim provisions of the NLEA are contrary to the meaning of the statute; and it is

FURTHER ORDERED that the defendant shall amend its regulations within thirty days from this Memorandum Opinion and Order to require that all restaurant menus be included under FDA regulations for the labeling of nutrient content and health claims.

SO ORDERED.

---

in this regard is misplaced. *Heckler* made clear that an "agency's decision not to prosecute or enforce ... is a decision generally committed to an agency's absolute discretion," *id.* at 831, 105 S.Ct. at 1655, but the FDA's decision in this case was not an enforcement decision and does not require the deference normally given to an agency's discretion whether to enforce or prosecute.

6. Although the FDA in its proposed rule opined that 21 U.S.C. § 345 might prohibit the menu exception, 58 Fed.Reg. 33055, 33056, this tentative conclusion articulated in a nonfinal, proposed rule does not command deference from the Court nor is it binding on the agency. *Public Citizen Health Research Group v. Commissioner, Food & Drug Administration*, 740 F.2d 21, 32 (D.C.Cir.1984).